Curia, per

Johnson, J.
The leading question is, whether the defendant’s commissions or compensation for collecting the poor tax for Charleston Neck, is, or is not, prescribed and limited by law. It seems that formerly the commissioners of the poor throughout the State were left to adopt their own mode and employ their own agents to collect the poor tax ; but the Act of 1797, 2 Faust, 149, directs that in all the counties where county courts were established, they should be collected by the collectors of the general taxes, and that they should' be allowed “ the same per centage” therefor, as for collecting the general taxes. At that time there was no county court established in Charleston district, and the commissioners of the poor for the Neck, went on as before to collect to collect the poor tax by means of their own collector, allowing him such compensation as, in their judgment, was reasonable and just. The Act of 1803, 2 Faust, 492, makes it the duty of all the tax collectors throughout the State to collect the poor taxes, and provides that they shall be allowed there *359 for the <! usual commissions and the Act of 1817 limits the compensation of the tax collectors for St. Phillip’s and St. Michael’s parishes (within which the Neck is included) to S$2 70 per cent. “ on all sums collected by them respectively and thus the law now stands. The expression, usual commissions, used in the Act of 1803, must necessarily have had reference to those prescribed by the Act of 1797, for there was no other general standard to which it could be referred. The contracts between the commissioners of the poor, in places where county courts had not been established, and their collectors of the poor tax, necessarily varied in different places, and, at the will of the parties, might have been varied in amount in the same place, in different years ; and it is obvious that the legislature could not have intended to have referred to a standard so equivocal and uncertain ; and according to this construction of these Acts, the defendant was only entitled to the same commissions for collecting the poor tax, as for the general tax. But the Act of 1817 puts this question beyond all controvery. The Act of 1803 makes it his duty to collect the poor tax for the Neck — and the Act of 1817 allows him $2 70 per cent. “ on all sums” collected by him. Now, the poor tax is a part of the sums collected by him in virtue of his office of collector of the general taxes, and if he may retain 10 per cent, for collecting them, he may, by the same rule, retain the same amount for collecting the general taxes ; for there is no discrimination between them in the Act, nor in point of fact, except that the general taxes are paid into the common treasury, and the poor tax to the commissioners. The position that the defendant was discharged by the receipts of the commissioners, cannot be maintained. The tax collector is the agent of, and employed by, the State, and is responsible to the State in its corporate political character, and no individual can absolve him from the obligations imposed by law, unless the power to do so is derived from the law itself. The obligation imposed on the defendant was to collect the poor tax, and by law he is entitled to retain $2 70 per cent, on the amount for his services, and no more. If the commissioners may so far discharge him *360 from this obligation, as to allow him to retain 10 per cent, where is the limitation ? — why not 50 per cent, or the whole 1 — admit the principle, and the treasurer may, in defiance of all law, cut up the revenue by the root, and allow the tax collectors throughout the State to retain all the taxes as a compensation for collecting them. The Act of 1803, before referred to, provides that the tax collectors shall be furnished by the commissioners of the poor with an account of the poor tax which each person is bound to pay, at least one month before he is bound to make his returns ; and it is said that the additional sum allowed the defendant by the commissioners, is in consideration of his undertaking, himself, to ascertain the amount each is bound to pay, and relieving them from that trouble.
Each board of commissioners necessarily know the sum wanted for the poor of their respective districts or parishes, and the usual mode of ascertaining the sum which each individual is bound to pay, is to ascertain what proportion the sum wanted bears to the general taxes, and instead of being furnished with a list of the names of each individual, the tax collectors are instructed to collect from each individual a certain per centage on his general tax, as 10, 15 or 20 per cent, and this found sufficiently accurate impractical purposes. If it is managed otherwise in this instance, (of which, by-the-by, there is no proof,) it is, perhaps, the only instance in the State ; and I am not aware of any other instance in which an additional compensation has been claimed or allowed on that account.
It is supposeed that the difficulty of ascertaining what each individual on the Neck is bound to pay, is increased by the circumstance that the poor rates within the city are .collected by the city authorities, but I confess I am not able to see the difficulty. In other places one year furnishes a rule for another, varied only by the amount wanted for the poor. If it produces an excess in one, it is carried to the credit of the next. If there is a deficit, it is supplied by a further assessment for the next year ; and this mode is found to operate well elsewhere — 'and I cannot see why it should not here — at any rate, the commissioners have no authority to transfer their own labours to *361 the tax collectors, and make them compensation out of the public funds. The duty of the collector is to collect from each individual what he is directed, and no more.
The usage under which both the commissioners and the defendant acted, furnishes the best reason for believing that both parties acted in good faith, and in the belief that they were authorized by law ; but that usage cannot abrogate a positive enactment of the legislature.
Motion granted.